NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 16 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PEDRO GONZALEZ ACUNA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-70249

Agency No. A077-089-660

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019[**]

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Pedro Gonzalez Acuna, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

for abuse of discretion the denial of a motion to reopen.  *Bonilla v. Lynch*, 840 F.3d

575, 581 (9th Cir. 2016).  We deny in part and dismiss in part the petition for

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review.

The BIA did not abuse its discretion in denying as untimely Gonzalez Acuna's motion to reopen, where it was filed more than 90 days after the entry of a final administrative order and he did not contend he met any statutory or regulatory exception to the filing deadline. *See* 8 C.F.R. § 1003.2(c)(2), (3); 8 U.S.C. § 1229a(c)(7)(C)(i)-(iv). Accordingly, the BIA did not err in not addressing the merits of Gonzalez Acuna's claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (the courts and the agency are not required to make findings on issues the decision of which is unnecessary to the results).

To the extent Gonzalez Acuna contends he meets the exception for changed country conditions, we lack jurisdiction to consider this unexhausted contention. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

We lack jurisdiction to review the BIA's denial of sua sponte reopening, where Gonzalez Acuna does not raise a constitutional or legal error. *See Bonilla*, 840 F.3d at 588 (court can review BIA decisions denying sua sponte reopening only for the limited purpose of reviewing the reasoning behind the decision for legal or constitutional error).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**